**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:                                              Case No. 26-19251-CLC

**RIA R SQUARED, INC.,**                            Chapter 11

    Debtor.

_____/

**DEBTOR'S MOTION FOR ORDER ESTABLISHING PROCEDURES**
**FOR MONTHLY AND INTERIM COMPENSATION AND**
**REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS**

Ria R Squared, Inc. (the "**Debtor**"), debtor and debtor-in-possession in the above-captioned Chapter 11 case (the "**Chapter 11 Case**"), pursuant to Section 105(a) and 331 of Title 11 of the United States Code (the "**Bankruptcy Code**") and Local Rule 2016-1(b)(1), hereby files this motion seeking to establish procedures for monthly and interim compensation and reimbursement of expenses for the professionals retained in this Chapter 11 Case, and in support thereof states as follows:

**JURISDICTION AND VENUE**

1.     The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

**I.     Procedural Background**

2.     On July 15, 2026 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

3.      The Debtor is authorized to continue to manage its financial affairs as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee of creditors has been appointed in this Chapter 11 Case.

4.      The Debtor is a Florida based private investment company engaged in institutional portfolio management across a range of investment strategies and financial markets.  The Debtor engages in sophisticated financial transactions, including securities lending, structured finance, private credit, and real estate related investments, and works with institutional counterparties and investors.

## II.     <u>**Proposed Monthly Compensation Procedures**</u>

5.      The Debtor proposes that monthly payment of compensation and reimbursement of expenses of the Professionals be structured as follows (the "**Monthly Compensation Procedures**"):

(i)      On or before the 20th day of each month after the month for which compensation is sought, each professional seeking interim compensation under this order must serve a monthly statement by email on: (i) M.K. David Kang, the Debtor's President and Chief Executive Officer, at David.kang@rsquaredia.com (ii) Brett D. Lieberman, Esq., Morgan B. Edelboim, Esq., and Alexander Lewitt, Esq. counsel for the Debtor, at brett@elrolaw.com, morgan@elrolaw.com, and alex@elbizlaw.com; (iii) the attorney assigned to this case for the Office of the United States Trustee, at Steven.D.Schneiderman@usdoj.gov (iv) any party that has filed a notice of appearance and requests service of monthly fee statements by email to Debtor's counsel at brett@elrolaw.com, morgan@elrolaw.com, and alex@elbizlaw.com, with a copy to tisha@elrolaw.com (the "**Service Parties**").

(ii)     The monthly statement must not be filed with the Court or sent to the judge's chambers.

(iii)    Each monthly statement must contain a schedule of the reimbursable expenses incurred and the professional and paraprofessional time spent (in sufficient detail to allow review by the Service Parties), which ordinarily must be for services rendered through a particular calendar month.

(iv)    Time spent preparing, reviewing, or revising monthly statements, invoices, or related requests for information under this order is not compensable to the extent duplicative of time spent preparing, reviewing, or revising interim or final applications for compensation filed under 11 U.S.C. §§ 330 or 331 for the same periods.

(v)    Each Service Party receiving a statement may object to the payment of the fees or the reimbursement of expenses set forth therein by serving a written objection (which must not be filed with the Court) upon the other Service Parties on the last day of the month in which the statement is received. The objection must state the nature of the objection and identify the amount of the fees or expenses to which objection is made. The objecting party must attempt in good faith to object only to the portion of the statement that is deemed to be objectionable.

(vi)    In the absence of any timely objection, the Debtor is authorized to pay 80% of the fees and 100% of the expenses identified in each monthly statement to which no objection has been served.

(vii)    If the Debtor receives an objection to a particular monthly statement, it must withhold payment of that portion of the monthly statement to which the objection is directed and promptly pay the remainder of the fees and expenses requested. All professionals subject to this order must establish a separate billing number for any time spent on resolution of fee disputes. No fees incurred in connection with fee disputes under this order may be included on monthly statements and instead may only be sought in an interim or final fee application for compensation filed under 11 U.S.C. §§ 330 or 331.

(viii)    If, after an objection, the objection is resolved, the professional whose monthly statement was objected to may serve on the Service Parties a supplemental statement indicating that the objection has been resolved and describing in detail the terms of the resolution. After service of that supplemental statement, the Debtor is authorized to pay that portion of the monthly statement that is no longer subject to an objection.

(ix)    All objections that are not resolved by the parties are preserved and may be raised as an objection to the next interim or final compensation application filed with the Court under 11 U.S.C. §§ 330 or 331.

(x)    Serving an objection under paragraph 6(e) does not prejudice the objecting party's right to object to any interim or final application for compensation under 11 U.S.C. §§ 330 or 331 on any ground, whether or not raised in an objection to a monthly statement. Furthermore, the decision by any party not to object to a monthly statement does not waive or otherwise prejudice any party's right to object to any interim or final application for compensation under 11 U.S.C. §§ 330 or 331.

(xi)   Unless the Court orders otherwise, every professional who seeks monthly compensation under this order must file every 120 days an interim application for compensation under 11 U.S.C. § 331 for the amount of fees and expenses sought, as follows:

    (a)   First interim applications must be filed by December 11, 2026, seeking interim compensation for the period from July 15, 2026 through September 4, 2026.

    (b)   Second interim applications must be filed by April 12, 2027, seeking interim compensation for the period from November 12, 2026 through March 11, 2027.

    (c)   Subsequent interim applications must continue to be filed every 120 days for the preceding four-month period.

(xii)   A professional who fails to file a timely interim application as required by paragraph 6(k) is not entitled to receive any further payments under these monthly interim compensation procedures unless and until the professional files the delinquent interim application and the Court has entered an order allowing the interim compensation sought.

(xiii)   The Court's determination that a payment of compensation or reimbursement of expenses under this order was improper does not preclude a professional from future interim compensation and reimbursement of expenses under this order, unless the Court orders otherwise.

(xiv)   Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement of expenses under this order will have any effect on this Court's allowance of interim or final compensation and reimbursement of expenses under 11 U.S.C. §§ 330 or 331.

6.   The Debtor will include all payments made to Professionals under the Monthly Compensation Procedures in its monthly operating reports, identifying the amount paid to each Professional.

7.   The Monthly Compensation Procedures will permit the Debtor, the Office of the United States Trustee, creditors, and parties in interest to closely monitor the costs of administration of this Chapter 11 Case and will enable the Debtor to maintain more predictable cash flow during its reorganization efforts.

8.    A proposed form of order, consistent with Local Form 91, granting the relief requested herein is attached hereto as **Exhibit A**.

### RELIEF REQUESTED

9.    Section 331 of the Bankruptcy Code provides, in relevant part, that all professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days "or more often if the Court permits[.]"  11 U.S.C. § 331.  Section 105(a) of the Bankruptcy Code provides, in part, that the Court "may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

10.    Local Rule 2016-1 authorizes this Court to approve procedures for monthly payment of interim compensation to retained professionals in Chapter 11 cases.  *See* Bankr. S.D. Fla. L.R. 2016-1(b)(1).

11.    Courts in this District regularly approve procedures comparable to the proposed Monthly Compensation Procedures set forth herein in Chapter 11 cases.   *See In re AeroTech Miami Inc. d/b/a iAero Tech, et al.,* Case No. 23-17503 (RAM) (Bankr. S.D. Fla. Oct. 16, 2023) (approving similar monthly compensation procedures for debtor's retained professionals); *In re Delphi Behavioral Health Group, LLC*, *et al*., Case No. 23-10945-PDR (Bankr. S.D. Fla. Feb. 10, 2023) (same); *In re Vital Pharmaceuticals, Inc., et al.,* Case No. 22-17842-PDR (Bankr. S.D. Fla. Nov. 22, 2022) (same); *In re Tamarac 10200, LLC, et al.,* Case No. 20-23346-PDR (Bankr. S.D. Fla. Dec. 31, 2020) (same); *In re American Purchasing Services, LLC, et al.*, Case No. 20-23495-SMG (Bankr. S.D. Fla. Dec. 16, 2020) (same); *In re Toojay's Management LLC, et al.,* Case No. 20-14792-EPK (Bankr. S.D. Fla. July 21, 2020) (same); *In re Goodman and Dominguez, Inc., et al.*, Case No. 16-10056-RAM (Bankr. S.D. Fla. April 21, 2016) (same); *In re Palm Healthcare Co., Inc., et al.,* No. 19-19156-EPK (Bankr. S.D. Fla. Sept. 19, 2019) (same); *In re HearUSA, Inc.*,

No. 11-23341-BKC-EPK (Bankr. S.D. Fla. May 20, 2011) (same); *In re Gulfstream Intern. Group, Inc., et al.,* No. 10-44131-BKC-JKO (Bankr. S.D. Fla. Nov. 8, 2010) (same); *In re Medical Staffing Network Holdings, Inc., et al.*, No. 10-29101-BKC-EPK (Bankr. S.D. Fla. July 22, 2010) (same); *In re Protective Products of America, Inc., et al.*, No. 10-10711-BKC-JKO (Bankr. S.D. Fla. Feb. 11, 2010) (same); *In re Gemini Cargo Logistics, Inc., et al.,* No. 08-18173-BKC-PGH (Bankr. S.D. Fla. June 20, 2008) (same); *In re First NLC Financial Services, LLC, et al.,* No. 08-10632-BKC-PGH (Bankr. S.D. Fla. Feb. 13, 2008) (same); *In re Tousa, Inc., et al.*, No. 08-10928-BKC-JKO (Bankr. S.D. Fla. Jan. 31, 2008) (same); *In re Levitt and Sons, LLC et al.,* No. 07-19845-BKC-RBR (Bankr. S.D. Fla. Nov. 14, 2007) (same); *In re Gemini Cargo Logistics, Inc.*, *et al,* No. 06-10870-BKC-AJC (Bankr. S.D. Fla. Mar. 20, 2006) (same); *In re Gulfstream Crane, LLC,* No. 09-37091-BKC-RBR (Bankr. S.D. Fla. March 29, 2010) (same).

12. Here, the Debtor submits that Local Rule 2016-1(b)(1) applies to this Chapter 11 Case and that the Monthly Compensation Procedures set forth herein appropriate under the circumstances.

13. The are consistent with Local Form 91 and will allow Professionals to be compensated on a regular basis, subject to a twenty percent (20%) fee holdback and full Court review through interim and final fee applications, while preserving the rights of the Office of the United States Trustee and all parties in interest to object to monthly fee statements and fee applications. Furthermore, the proposed procedures will: (i) provide a streamlined and efficient method for compensating Professionals; (ii) permit the Court, the Office of the United States Trustee, and parties in interest to monitor professional fees and expenses on an ongoing basis; and (iii) enable the Debtor to better manage cash flow by paying professional fees in a more regular manner rather than through larger, irregular disbursements.

14.     Accordingly, the Debtor submits that the Monthly Compensation Procedures ought to be approved in this case.

## CONCLUSION

WHEREFORE, the Debtor requests entry of an order: (i) granting this Motion; (ii) approving the Monthly Compensation Procedures set forth herein; (iii) authorizing the Debtor to pay monthly compensation and reimbursement of expenses to Professionals in accordance with the Monthly Compensation Procedures; and (iv) granting such other and further relief as this Court deems just and proper.

**Dated: July 16, 2026**

**EDELBOIM LIEBERMAN PLLC**
*Proposed Counsel for the Debtor*
2875 NE 191st St., Penthouse One
Miami, FL 33180
Telephone: (305) 768-9909
Facsimile: (305) 928-1114
Email: brett@elrolaw.com
Email: morgan@elrolaw.com
Email: alex@elbizlaw.com

*/s/ Brett D. Lieberman*
Brett D. Lieberman, Esq. (FBN 69583)

## CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing was served on July 16, 2026 by Notice of Electronic Filing to all parties registered to receive electronic notification via CM/ECF notification (which is incorporated herein by reference).

*/s/ Brett D. Lieberman*
Brett D. Lieberman, Esq. (FBN 69583)

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

**In re:**                                                      **Case No. 26-19251-CLC**

**RIA R SQUARED, INC.,**                        **Chapter 11**

    **Debtor.**

_____/

## ORDER ESTABLISHING PROCEDURES TO PERMIT MONTHLY PAYMENT OF INTERIM FEE APPLICATIONS OF CHAPTER 11 PROFESSIONALS

**THIS MATTER** came before the United States Bankruptcy Court for the Southern District of Florida (the "**Court**") upon the *Debtor's Motion for Order Establishing Procedures for Monthly and Interim Compensation and Reimbursement of Expenses for Professionals* (Dkt. No. __)(the "**Motion**") filed by Ria R Squared, Inc., as debtor and debtor-in-possession in the above-captioned Chapter 11 case; and the Court, having reviewed the Motion, having considered the record in this case, finding that notice was sufficient and appropriate under the circumstances, finding that the relief requested is in the best interests of the Debtor, its estate, creditors, and parties in interest, and finding that good cause exists to grant the relief requested, it is

**ORDERED**, as follows:

1.    The Motion is **GRANTED**, as set forth herein.

2.    Unless otherwise provided in another order authorizing employment of a professional, any professional retained in this case under 11 U.S.C. §§ 327 or 1103 may receive payment of interim compensation and reimbursement of expenses under the procedures set forth herein.

3.    Any professional seeking to utilize the monthly compensation procedures approved by this Order must expressly request authority to do so in such professional's application for

retention filed in this Chapter 11 Case; *provided, however*, that this requirement shall not apply with respect to the *Application of Debtor for Authority to Retain and Employ Brett D. Lieberman, Esq. and Edelboim Lieberman, PLLC as Attorneys for the Debtor, Effective as of the Petition Date* (Dkt. No. __) (the "**Application**").

4.    Except as otherwise provided herein, each Monthly Fee Statement shall be served on or before the twentieth (20th) day of each month for fees and expenses incurred during the immediately preceding monthly period.

5.    Notwithstanding the foregoing, Debtor's bankruptcy counsel retained pursuant to the Application may submit its first monthly fee statement for the period from the Petition Date through and including June 30, 2026, which first monthly fee statement shall be due on July 20, 2026.

6.    **<u>Monthly Interim Compensation Procedures</u>:**

(a)    On or before the 20th day of each month after the month for which compensation is sought, each professional seeking interim compensation under this order must serve a monthly statement by email on: (i) M.K. David Kang, the Debtor's President and Chief Executive Officer, at David.kang@rsquaredia.com (ii) Brett D. Lieberman, Esq., Morgan B. Edelboim, Esq., and Alexander Lewitt, Esq. counsel for the Debtor, at brett@elrolaw.com, morgan@elrolaw.com, and alex@elbizlaw.com; (iii) the attorney assigned to this case for the Office of the United States Trustee, at Steven.D.Schneiderman@usdoj.gov (iv) any party that has filed a notice of appearance and requests service of monthly fee statements by email to Debtor's counsel at brett@elrolaw.com, morgan@elrolaw.com, and alex@elbizlaw.com, with a copy to tisha@elrolaw.com (the "**Service Parties**").

2

(b)     The monthly statement must not be filed with the Court or sent to the judge's chambers.

(c)     Each monthly statement must contain a schedule of the reimbursable expenses incurred and the professional and paraprofessional time spent (in sufficient detail to allow review by the Service Parties), which ordinarily must be for services rendered through a particular calendar month.

(d)     Time spent preparing, reviewing, or revising monthly statements, invoices, or related requests for information under this order is not compensable to the extent duplicative of time spent preparing, reviewing, or revising interim or final applications for compensation filed under 11 U.S.C. §§ 330 or 331 for the same periods.

(e)     Each Service Party receiving a statement may object to the payment of the fees or the reimbursement of expenses set forth therein by serving a written objection (which must not be filed with the Court) upon the other Service Parties on the last day of the month in which the statement is received. The objection must state the nature of the objection and identify the amount of the fees or expenses to which objection is made. The objecting party must attempt in good faith to object only to the portion of the statement that is deemed to be objectionable.

(f)     In the absence of any timely objection, the Debtor is authorized to pay 80% of the fees and 100% of the expenses identified in each monthly statement to which no objection has been served.

(g)     If the Debtor receives an objection to a particular monthly statement, they must withhold payment of that portion of the monthly statement to which the

3

objection is directed and promptly pay the remainder of the fees and expenses requested. All professionals subject to this order must establish a separate billing number for any time spent on resolution of fee disputes. No fees incurred in connection with fee disputes under this order may be included on monthly statements and instead may only be sought in an interim or final fee application for compensation filed under 11 U.S.C. §§ 330 or 331.

(h)      If, after an objection, the objection is resolved, the professional whose monthly statement was objected to may serve on the Service Parties a supplemental statement indicating that the objection has been resolved and describing in detail the terms of the resolution. After service of that supplemental statement, the Debtor is authorized to pay that portion of the monthly statement that is no longer subject to an objection.

(i)      All objections that are not resolved by the parties are preserved and may be raised as an objection to the next interim or final compensation application filed with the Court under 11 U.S.C. §§ 330 or 331.

(j)      Serving an objection under paragraph 6(e) does not prejudice the objecting party's right to object to any interim or final application for compensation under 11 U.S.C. §§ 330 or 331 on any ground, whether or not raised in an objection to a monthly statement. Furthermore, the decision by any party not to object to a monthly statement does not waive or otherwise prejudice any party's right to object to any interim or final application for compensation under 11 U.S.C. §§ 330 or 331.

(k)      Unless the Court orders otherwise, every professional who seeks monthly compensation under this order must file every 120 days an interim application for

4

compensation under 11 U.S.C. § 331 for the amount of fees and expenses sought, as follows:

(l)    First interim applications must be filed by September 30, 2026, seeking interim compensation for the period from May 7, 2026 through September 4, 2026.

(m)    Second interim applications must be filed by January 31, 2027, seeking interim compensation for the period from September 4, 2026 through January 2, 2027.

(n)    Subsequent interim applications must continue to be filed every 120 days for the preceding four-month period.

(o)    A professional who fails to file a timely interim application as required by paragraph 6(k) is not entitled to receive any further payments under these monthly interim compensation procedures unless and until the professional files the delinquent interim application and the Court has entered an order allowing the interim compensation sought.

(p)    The Court's determination that a payment of compensation or reimbursement of expenses under this order was improper does not preclude a professional from future interim compensation and reimbursement of expenses under this order, unless the Court orders otherwise.

(q)    Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement of expenses under this order will have any effect on this Court's allowance of interim or final compensation and reimbursement of expenses under 11 U.S.C. §§ 330 or 331.

5

7.      The Debtor must include all payments to professionals on their monthly operating reports, detailed to state the amount paid to each of the professionals.

8.      Notwithstanding anything to the contrary in this order, the Debtor may not make any payments under this order if the Debtor has not timely filed their monthly operating reports or remained current with their administrative expenses and their obligations under 28 U.S.C. § 1930.

9.      Any professional retained under 11 U.S.C. §§ 327 or 1103 after entry of this order may request – separately or in connection with an application to employ the professional – permission to participate in this order's monthly interim compensation procedures.

10.      All professionals subject to this order must monitor their own compliance with its terms and must include the following certification on each monthly statement: "I hereby certify that this monthly statement complies with the terms of the Order Establishing Procedures to Permit Monthly Payment of Interim Fee Applications of Chapter 11 Professionals entered in this case."

###

Submitted By:

Brett D. Lieberman, Esq.
Edelboim Lieberman PLLC
2875 NE 191st St., PH One
Miami, FL 33180
Telephone: (305) 768-9909
Facsimile: (305) 928-1114

Copy Furnished To:

*Brett D. Lieberman, Esq., who is directed to serve a conformed copy of this order on all interested parties and file a certificate of service with the Court.*