**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

**In re:** **Case No. 26-19251-CLC**

**RIA R SQUARED, INC.,** **Chapter 11**

**Debtor.**
_____________________________________/

**NOTICE OF FILING:**
**SUPPLEMENTAL DECLARATIONS OF MAGOLNICK AND BAUCHNER IN SUPPORT OF APPLICATION TO EMPLOY SPECIAL LITIGATION CO-COUNSEL**

RIA R Squared, Inc., the debtor and debtor-in-possession in the above-captioned chapter 11 case, hereby provides notice of filing the attached *Supplemental Declarations* of Joshua Bauchner and Joel Magolnick in support of *Application of Debtor for Authority to Retain and Employ Mandelbaum Barrett PC and Marko & Magolnick, LLP as Special Litigation Co-Counsel for the Debtor* (ECF #72); attached hereto as Exhibits "1" and "2".

**Dated: September 11, 2026**

**EDELBOIM LIEBERMAN, PLLC**
*Debtor's Counsel*
2875 NE 191st Street, PH1
Miami, FL 33180
T: 305-768-9909
F: 305-928-1114
Email: brett@elrolaw.com
Email: alex@elbizlaw.com

*/s/ Brett D. Lieberman*
Brett D. Lieberman, Esq. (FBN 69583)
Alexander Lewitt, Esq. (FBN 1048121)

**CERTIFICATE OF SERVICE**

I HEREBY certify that a true and correct copy of the foregoing was served on September 11, 2026 by Notice of Electronic Filing to all parties registered to receive electronic notification via CM/ECF notification (which is incorporated herein by reference).

*/s/ Brett D. Lieberman*
Brett D. Lieberman

Exhibit "1"

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In re: Chapter 11

RIA R SQUARED, INC., Case No. 26-19251-CLC

Debtor.
_______________________________________/

**SUPPLEMENTAL DECLARATION OF JOSHUA S. BAUCHNER, ESQ.**
**IN FURTHER SUPPORT OF APPLICATION TO**
**EMPLOY SPECIAL LITIGATION CO-COUNSEL**

I, Joshua S. Bauchner, Esq., declare as follows:

1. I am a partner of Mandelbaum Barrett PC ("MB"), proposed special litigation co-counsel for Ria R Squared, Inc. (the "Debtor"). I previously submitted a declaration in support of the Debtor's application to retain MB and Marko & Magolnick, LLP as special litigation co-counsel (the "Application"). I submit this supplemental declaration to provide additional disclosure concerning payments made by the Debtor to MB during the ninety-day period preceding the Petition Date and the status of amounts owing to MB as of the Petition Date.

2. During the ninety-day period preceding the Debtor's July 15, 2026 petition date (the "Petition Date"), the Debtor made ordinary course payments to Mandelbaum totaling $298,936.79, consisting of the following payments: $8,750.00 on May 12, 2026; $29,653.30 on May 19, 2026; $40,779.79 on May 20, 2026; $93,108.17 on June 12, 2026; $; $31,069.86 on June 22, 2026; $8,750.00 on July 13, 2026; and $86,825.67 on July 14, 2026.

3. Some of these payments were disclosed by the Debtor in its Statement of Financial Affairs filed in this Chapter 11 Case. Dkt No. 6 at 3.3. Specifically, the Statement of Financial Affairs identifies MB and discloses payments totaling $157,090.60, as supplemented herein for a

total of $293,515.72, as payments for legal fees made during the ninety-day prepetition period and reflecting its representation of the Debtor in five separate, active matters.[1]

4. As of the Petition Date, MB was owed $34,141.56. Through August 31, 2026, MB earned $41,080.50 in fees and incurred $865.11 in costs.

5. MB and I have reviewed the United States Trustee Fee Guidelines, understands that it cannot be compensated from the Debtor or non-Debtor sources absent Bankruptcy Court approval and will promptly file a fee application for the post-petition period through August 31, 2026, for the Court's review and approval..

6. Except as supplemented herein, the disclosures contained in my prior Declaration remain unchanged.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 11, 2026

______________________________

Joshua S. Bauchner, Esq.

---

[1] The initial spreadsheet generated by MB's Accounting Department, upon which Debtor relied in preparing its Statement of Financial Affairs, contained errors which are correct herein.

Exhibit "2"

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| RIA R SQUARED, INC., | Case No. 26-19251-CLC |
| Debtor. | |
| _______________________________________/ | |

**SUPPLEMENTAL DECLARATION OF JOEL S. MAGOLNICK, ESQ.**
**IN FURTHER SUPPORT OF APPLICATION TO**
**EMPLOY SPECIAL LITIGATION CO-COUNSEL**

I, Joel S. Magolnick, Esq., declare as follows:

1. I am a partner of Marko & Magolnick, LLP ("M&M"), proposed special litigation co-counsel for Ria R Squared, Inc. (the "Debtor"), the debtor and debtor-in-possession in the above-captioned Chapter 11 case. I previously submitted a declaration in support of the Debtor's application to retain M&M and Mandelbaum Barrett PC as special litigation co-counsel (the "Application"). I submit this supplemental declaration to provide additional disclosure concerning M&M's prepetition and postpetition billing, the prepetition retainer, and post-petition payments made by David Kang ("DK") as guarantor.

2. On June 29, 2026, the Debtor paid M&M a $10,000.00 retainer. See *Statement of Financial Affairs* (Dkt. No. 6) at 3.11. On or about July 1, 2026, M&M applied $3,354.00 of that retainer to satisfy in full the invoice for the period ending June 30, 2026.

3. M&M's invoices for the billing periods ending July 31, 2026 and August 31, 2026 totaled $119,110.77.

4. On or about August 1, 2026, M&M inadvertently applied the remaining $6,646.00 of the retainer and thereafter had the balance of $112,464.77 owed for the July and August invoices paid by non-debtor DK, as guarantor. DK made such payments as a guarantor.

5. The payments by DK do not alter M&M's duties to the Debtor and the estate and do not provide DK with any right to direct or control M&M's professional judgment. M&M's professional obligations remain to the Debtor in accordance with the terms of its retention, applicable law, and any orders of this Court.

6. M&M and I have reviewed the United States Trustee Fee Guidelines, understand that M&M cannot be compensated from the Debtor or non-Debtor sources absent Bankruptcy Court approval and will promptly file a fee application for the post-petition period through August 31, 2026, for the Court's review and approval.

7. Except as supplemented and clarified herein, the disclosures contained in my prior declaration remain unchanged.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 11, 2026

Joel Magolnick

Joel S. Magolnick, Esq.